White, J.
This case, and the cases of the Cleveland, Columbus and Cincinnati R. R. Co. v. Crawford, Adm’r, etc., and of the Baltimore and Ohio R. R. Co. v. Whittaker, were considered together, and the able and elaborate arguments in this case were used in all the cases. It is unnecessary, therefore, now to undertake to consider or restate the questions already decided in those cases. See ante, pp. 631, 642.
In the present ease, it is enough to say, as to the question of the negligence of the defendant’s servants in oper *667 ating the train, that the evidence was such as to afford no-ground for our interference with the action of the court below.
The first question is whether the court erred in refusing to instruct the jury as requested upon the subject of contributory negligence in the plaintiff.
What connection must exist between the negligence and the injury to make the negligence a juridical contributing cause, has been the subject of much discussion. So also-has the question as to when the connection may be declared by the court as a matter of law, and when it ought to be submitted to the jury as a question of fact.
The general principle is that negligence to make it a cause in a legal sense, must be such that, by the usual-course of events, it would result, unless independent disturbing moral agencies intervene, in the particular injury. Wharton on Negligence, sec. 324.
Now, applying this principle to the case before us, if those in charge of the train had given the usual warning-of its approach, in all probability the injury would have been avoided. So, too, notwithstanding their negligence, if the plaintiff’, at the time he was about to step on the-track, had looked in the direction of the coming train, he-would doubtless have seen it and saved himself.
We are, therefore, brought to the question whether "it was for the court, or for the jury, aided by proper instruction from the court, to finally decide whether the plaintiff,, under the particular circumstances, was guilty of a want of ordinary care in not seeing in time the approach of the-train.
The circumstances under which the plaintiff acted are sufficiently set forth in the statement of the ease, and need-' not here be repeated. The question is whether they are of such a nature that the court would have been justified in withdrawing them from the consideration of the jury, and in declaring the plaintiff, as matter of law, guilty of contributory negligence. For we think the jury might fairly *668 have understood such to have been the effect of the instruction, if it had been given.
The circumstances that will excuse a person who is about to cross a railroad from using his eyes and ears to avoid injury from a passing train, must be such as are calculated to induce a person, in the exercise of ordinary care, to omit the precaution. This has already been declared by this ■court in several cases. Rut what these circumstances may be can not be prescribed beforehand, nor can a fixed standard be laid down for weighing them. It would be clearly wrong to give the same effect, in all cases, to the omission. The person whose conduct is to be judged can not be separated from the circumstances by which he is surrounded, .and under which he is required to act. In some cases, no doubt, it would be the duty of the court to declare that the • circumstances afforded no excuse for the omission; while, in others, they ought to be submitted to the jury, under proper instructions.
Where the question of negligence depends on a variety of circumstances, from which different minds may arrive .at different conclusions as to whether there was negligence •or not, the question ought to be submitted to the jury, under proper instructions.
These instructions ought to have reference to the special •circumstances of the case, and to be so given as to secure the fair consideration and judgment of the jury upon the point in issue.
• The circumstances of the present case, in our opinion, ■made it one to be passed upon by the jury under proper ■instructions.
We are of opinion, however, that the jury were not properly instructed. The case was finally submitted to the jury on the general charge of the court. This charge consisted mainly of long extracts from the opinions of this court in various cases involving questions of negligence. 'These opinions were intended to state and vindicate general principles, and are not generally adapted to the purpose of ¡being used as a charge to instruct a jury as to their duty *669 under the circumstances of a particular case. The charge,, as it was thus made up, not only failed to afford the jury the aid they ought to have received from the court, in a case like the present, but was calculated to mislead them. It had no special reference to the circumstances of the case, and was too much in the nature of a dissertation on the-general subject of negligence to serve the purpose of a charge in the particular case. The closing paragraph was-calculated to deprive the defendant of the benefit of the-special instructions that had been given at the close of the testimony, and to lead the jury to infer that the law left the rights of the parties to be decided pretty much to their discretion.
A charge, though not strictly objectionable in point of law, but which leaves the jury to draw an incorrect inference from facts in the case material to the issue, will constitute good ground for a new trial, where it is reasonable-to suppose, from a consideration of the whole evidence,, that a different verdict would have been rendered, if the jury had been fully instructed. The charge ought not only to be correct, but to be so adapted to the case and so explicit as not to be misconstrued or misunderstood by the-jury, in the application of the law to the facts as they may find them from the evidence. The Little Miami R. R. Co. v. Wetmore, 18 Ohio St. 134.
In our opinion, the court erred in refusing a new trial.
Judgment reversed, and cause remanded for new trial.
Day, C. J., McIlvatne, Welch, and Rex, JJ., concurring-